IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 19–54–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| SHANNON MARIE O'BRIEN MURPHY, | |
| Defendant. | |

Before the Court is Defendant Shannon Marie O'Brien Murphy's Motion for Early Termination of Supervision. (Doc. 34.) Ms. Murphy pled guilty to wire fraud, pursuant to 18 U.S.C. § 1343 (Count II of the Indictment), and, on May 28, 2020, was sentenced to a custodial sentence of five years of probation, and restitution was ordered in the amount of $65,623.74. (Doc. 19.) Ms. Murphy began her period of probation on May 28, 2020. (*Id.*) Ms. Murphy now seeks the premature termination of her remaining term of probation. (Doc. 34.) Neither the United States Attorney's Office nor the United States Probation Office objects to the motion. (*Id.*)

This Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014); *see also United States v. Ponce*, 22 F.4th 1045,

1047 (9th Cir. 2022). Ms. Murphy began her five-year term of probation on May 28, 2020, rendering her statutorily eligible for the premature termination of her remaining term of probation. Accordingly, the Court will consider the pertinent factors.

These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). This Court "need not discuss every factor," but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of probation context. *Emmett*, 749 F.3d at 821.

The Court finds that consideration of the foregoing factors supports the early termination of Ms. Murphy's remaining term of probation. Ms. Murphy has served over 54 months of her 60-month term of probation. (Doc. 35 at 2.) She has no reported violations and has satisfied her Court-ordered restitution obligation in full. (*Id*.) Ms. Murphy also works as a kindergarten teacher at Poplar Elementary and

volunteers to help at school activities. (*Id.*)

Accordingly, IT IS ORDERED that the motion (Doc. 34) is GRANTED.

IT IS FURTHER ORDERED that Ms. Murphy's remaining term of probation is TERMINATED as of the date of this Order. The Clerk of Court is directed to notify the United States Probation Office for the District of Montana of the making of this Order.

DATED this 23rd day of December, 2024.

Dana L. Christensen, District Judge
United States District Court